```
Grant G. Teeple, Esq. [SBN 144760]
Gregory M. Garrison, Esq. [SBN 165215]
Jason N. Black, Esq. [SBN 256261]
Zachariah R. Tomlin, Esq. [SBN 26563]
TEEPLE HALL, LLP
9255 Towne Centre Drive, Suite 500
San Diego, California 92121
Telephone:  (858) 622-7878
Facsimile:  (858) 622-0411
E-Mails:    grant@teeplehall.com
            greg@teeplehall.com
            jason@teeplehall.com
            zack@teeplehall.com
```

Attorneys for PLAINTIFFS

# IN AND FOR THE UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAM KHOLI ENTERPRISES, INC., a California corporation; PAYROLLING.COM CORP., a California Corporation,<br><br>    Plaintiff,<br><br>v.<br><br>COMSYS SERVICES, LLC, a Delaware corporation; and INNOVATIVE LOGISTICS SUPPORT SERVICES CORP., a Louisiana corporation; and DOES 1-10,<br><br>    Defendants. | Case No.  **'11CV0970 W    NLS**<br><br>COMPLAINT FOR RELIEF AND DEMAND FOR JURY TRIAL AS FOLLOWS:<br><br>1) BREACH OF CONTRACT;<br>2) BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING;<br>3) ACCOUNT STATED; AND<br>4) QUANTUM MERUIT |

Plaintiffs SAM KHOLI ENTERPRISES, INC., a California corporation doing business as PAYROLLING.COM ("SKE") and PAYROLLING.COM CORP. ("PAYROLLING") by their undersigned attorney, for their claims against defendants, COMSYS SERVICE, LLC, a Delaware corporation ("COMSYS"); INNOVATIVE LOGISTICS SUPPORT SERVICES CORP., a Louisiana corporation ("ILSS"); and DOES 1 through 10 (collectively "DEFENDANTS"), allege as follows:

///

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over the subject matter of this action under 28 United States Code section 1332.

2. With respect to the Court's jurisdiction under 28 United States Code section 1332, plaintiff is domiciled in the State of California, where it has its principal place of business. Defendants are corporations organized and existing under the laws of the State of Delaware and the State of Louisiana and are domiciliaries of the states of Texas and Lousiana. The amount in controversy, without interest and costs, exceeds $75,000.00, as discussed below.

3. Venue is proper in this judicial district pursuant to 28 United States Code section 1391( c).

## PARTIES

4. SKE is a corporation incorporated, organized and existing under the laws of the State of California, which has as its principal place of business the County of San Diego, California. SKE has filed a fictitious business filing with the County of San Diego designating that it is doing business as Payrolling.com. SKE is in the business of offering services in the area of payroll, human resources, outsourcing, best practices, benefits, recruiting, and work force planning.

5. PAYROLLING is a corporation incorporated, organized and existing under the laws of the State of California, which has as its principal place of business the County of San Diego, California. PAYROLLING is in the business of offering services in the area of payroll, human resources, outsourcing, best practices, benefits, recruiting, and work force planning.

6. Defendant COMSYS is a corporation incorporated, organized, and existing under the laws of the State of Delaware. It has as one of its principal places of business in Houston, Texas. COMSYS operates as an information technology staffing, services, and solutions provider.

/ / /

7.     Defendant ILSS is a corporation incorporated, organized, and existing under the laws of the State of Louisiana. It has as its principal place of business New Orleans, Louisiana. ILSS is a third-party resource company that assists individuals, corporations, and the government in lowering their break-even point and eliminating a large portion of overhead.

8.     The true names and capacities, whether individual, corporate, associate, representative or other, of DOES 1 through 10, inclusive, are unknown to SKE, who therefore sues them by such fictitious names. SKE will seek leave to amend this complaint to show the true names and capacities of said defendants when they are ascertained. SKE is informed and believes, and thereupon alleges, that each of the defendants named as a DOE, along with the named DEFENDANTS, is responsible in some manner for the occurrences herein alleged, and that SKE's injuries herein alleged were legally or proximately caused by said DEFENDANTS. Wherever it is alleged that any act or omission was also done or committed by any specifically named DEFENDANT, or by DEFENDANTS generally, SKE intends thereby to allege, and does allege, that the same act or omission was also done and committed by each and every defendant named as a DOE, and each named DEFENDANT, both separately and in concert or conspiracy with the named DEFENDANTS.

9.     PLAINTIFFS are informed and believe and thereon allege that at all material times herein alleged DEFENDANTS, and each of them whether known or unknown, were the agents, principals, employers, servants, employees and co-conspirators of the other DEFENDANTS, and each of them, whether named or unnamed, and at all relevant times herein, was acting within the scope of their authority as such agents, principals, employees, employers, and co-conspirators with permission and consent of the remaining named and unnamed DEFENDANTS.

10.    Whenever in this Complaint an act or omission of a corporation, limited liability company, or other such business entity is alleged, the said allegation shall be deemed to mean and include an allegation that the corporation, limited liability company,

or other such business entity acted or omitted to act through its authorized officers, directors, shareholders, members, managers, agents, servants, authorized representatives and/or employees, acting within the course and scope of their duties, that the acts or omissions were authorized and ratified by the business entities' shareholders, members, officers, directors and/or managers.

## NATURE OF ACTION

11.     SKE brings this action to recover damages it has suffered as a result of DEFENDANTS', and each of them, breaches of contract and failure to pay for services provided by SKE and/or PAYROLLING during the period between January 1, 2008 and June 30, 2010.

## DEFENDANTS' WRONGFUL COURSE OF CONDUCT

12.     SKE had an integrated relationship with the DEFENDANTS in this case. To this end, BMC Software, Inc. ("BMC") was SKE's client. However, BMC did not pay SKE directly, Instead, SKE would issue an invoice to BMC. BMC was then obligated to pay COMSYS within 15 days of receipt of SKE's invoice. COMSYS would then pay ILSS within seven days of payment from BMC. ILSS would then provide SKE with immediate access to its funds for payment of the BMC invoice.

**The COMSYS Agreement**

13.     On April 4, 2005, SKE entered into a Supplier Participation Agreement for BMC Software, Inc. VMS Program with COMSYS ("COMSYS Agreement"). A true and correct copy of the COMSYS Agreement is attached hereto as Exhibit "A" and its terms are incorporated herein by reference as though fully set forth.

14.     Pursuant to Paragraph 1 of the COMSYS Agreement, COMSYS was the managed service provider for BMC. Pursuant to Paragraph 5 of the COMSYS Agreement, COMSYS submitted work orders to SKE. SKE then performed personnel services for BMC through COMSYS as its managed service provider based upon the work orders. COMSYS was then obligated to pay SKE on behalf of BMC within 15 days of receipt of SKE's bi-weekly consolidated invoice.

15. SKE, for its part, performed all terms and conditions of the COMSYS Agreement which were not excused, waived or discharged. SKE paid up to 50 BMC employees at a time per pay period, basing its payments on digital records provided by COMSYS for work allegedly performed by BMC employees. At one time, SKE was advancing approximately $100,000.00 a week to BMC employees pursuant to the COMSYS Agreement.

16. Beginning on or about January 1, 2008 and continuing until approximately June 30, 2010, COMSYS breached the COMSYS Agreement in multiple ways to SKE's detriment in an amount in excess of $75,000.00, the exact amount to be proven at the time of trial, including but not limited to: (1) COMSYS failed to pay SKE what it owed SKE as BMC's managed service provider for BMC's payroll to BMC's employees funded by SKE; and (2) COMSYS misrepresented to SKE that some of BMC's employees were qualified as 1099 when they were not.

17. When in approximately May of 2010 SKE noticed large discrepancies between what COMSYS was paying to SKE and what appeared to be owed, SKE immediately contacted COMSYS in an attempt to resolve the issue. Unfortunately, in response COMSYS stonewalled SKE and refused to discuss in good faith the dispute, blaming the Fieldglass software BMC used to record its employees' time instead.

**The ILSS Agreement With BMC**

18. On or about August 25, 2008, SKE's relationship with BMC and COMSYS was altered by the Addendum to Master Services Agreement entered into between BMC and ILSS. A true and correct copy of ILSS's Agreement with BMC is attached hereto as Exhibit "B" and its terms are incorporated herein by reference as though fully set forth.

19. Just as with SKE, ILSS's Agreement with BMC states as follows:

> "BMC has chosen to use a third party to administer the process of obtaining the services of temporary technical or other personnel ("Personnel") to provide services to BMC through a managed service provider program. .. The third party administrator is COMSYS Information Technology Services, Inc. ("COMSYS").

Sam Kholi Enterprises, Inc. v. Comsys Service, LLC .   Case No.
Complaint

5

> Under the MSP Program, BMC will submit on-line requisitions for services to be performed by temporary technical or other personnel ("Job Postings") requesting candidate submissions from all or specific contractor(s). The Job Postings will be distributed to contractors electronically, utilizing a web-based application (the "Application") hosted and maintained by its licensor, Fieldglass, as further described below.
>
> Upon receipt of candidate, submissions from contractors responsive to the Job Postings, COMSYS will review same on behalf of BMC. BMC will then submit electronic orders via the Application, to a specific contractor for the selected individual ("Work Order")." [See Exhibit "C", ¶¶ 1.1 - 1.3].

20. This Agreement between BMC and ILSS was then subcontracted to SKE according to the Statement of Work (SOW) specifically for the BMC Agreement awarded to ILSS and subcontracted to SKE, A true and correct copy of the SOW is attached hereto as Exhibit "C" and its terms are incorporated herein by reference as though fully set forth.

21. Pursuant to the terms of the SOW, SKE's responsibilities included: (1) Full administration and oversight of the day to day operations of the program; (2) Payrolling all BMC workers as assigned/designated in the COMSYS Software; (3) Management and liability for all invoices and invoicing issues; (4) Customer service support to BMC, COMSYS and employees; (5) Maintenance of all insurances as required and necessary by the Master Service Agreement between BMC/COMSYS and ILSS/SKE; (6) Management of funds being transferred to and from SKE and ILSS's joint banking account as set-up by ILSS; (7) Facilitating and managing staffing relationship and positions when appropriate; and (8) Maintaining adequate workforce to manage the account.

22. Pursuant to the terms of the SOW, ILSS's responsibilities included: (1) advising SKE of any items that require attention; (2) Giving SKE immediate access to funds when transferred from COMSYS into SKE and ILSS'S joint banking account; (3) Help negotiate items as requested/needed; and (4) Provide on-going non-specific support as requested by SKE.

/ / /

23. SKE for its part, performed all terms and conditions of the SOW which were not excused, waived or discharged. ILSS did not. Instead, ILSS breached the SOW in multiple ways to SKE's detriment in an amount in excess of $75,000.00, the exact amount to be proven at the time of trial, including but not limited to ILSS failed to pay SKE what it owed SKE as BMC's managed service provider for BMC's payroll to BMC's employees funded by SKE.

**SKE Agreement With ILSS**

24. In addition to SKE's SOW with ILSS with respect to the BMC Agreement, on or about January 2, 2004 SKE and ILSS also entered into a Payrolling.com General Payrolling Agreement (the "ILSS Agreement"). A true and correct copy of the ILSS Agreement is attached hereto as Exhibit "D" and its terms are incorporated herein by reference as though fully set forth.

25. SKE, for its part, performed all terms and conditions of the ILSS Agreement which were not excused, waived or discharged. ILSS did not. Instead, beginning in or about May of 2007, ILSS breached the ILSS Agreement by failing to inform SKE that various of its employees traveled. As ILSS was aware, any employee that traveled was subject to a 3% markup. Despite this, ILSS failed to inform SKE of which employees were subject to the 3% markup.

26. Although SKE has made repeated requests and demands for information related to the employees to which a 3% markup applied, ILSS refused and continues to refuse to provide SKE with the necessary information as required pursuant to the terms of the ILSS Agreement. As a result, there is an amount due and owing from ILSS to SKE for the 3% markup for all employees that traveled, the exact amount to be proven at the time of trial.

27. Moreover, during the course of SKE's relationship with ILSS, on at least two separate occasions, ILSS claimed SKE and PAYROLLING overcharged it in the amount of $58,000.00 and $232,000.0, respectively. Without any proof or documentation, SKE and PAYROLLING refunded these funds to ILSS. SKE and

1 PAYROLLING have now determined that the refunds issued to ILSS were not
2 warranted. Instead, ILSS is obligated to return the refunded funds to SKE and
3 PAYROLLING. Despite demand for return of the refunded funds, ILSS has refused and
4 continues to refuse to return the refunded funds to SKE and PAYROLLING. As a result,
5 SKE and PAYROLLING have been damaged in an amount in excess of $290,000.00, the
6 exact amount to be proven at the time of trial.

## FIRST CLAIM

### (BREACH OF CONTRACT AGAINST ALL DEFENDANTS)

9  28. PLAINTIFFS reallege and incorporate by reference as though fully set forth
10 herein paragraphs 1 through 27 as set forth above.

**The COMSYS Agreement**

12  29. On or about April 4, 2005, SKE and COMSYS entered into the COMSYS
13 Agreement as set forth above.

14  30. SKE duly performed those terms of the COMSYS Agreement which were
15 not excused or discharged. Beginning in or about January 1, 2008, however, COMSYS
16 breached the COMSYS Agreement by failing to pay SKE for services rendered to BMC
17 and thereafter failing to deal in good faith with SKE as required by the terms of the
18 COMSYS Agreement resulting in damages in excess of $75,000.00, the exact amount
19 to be proven at the time of trial. COMSYS also mis-classified BMC employees as
20 independent contractors in order to evade payroll taxes, thus causing State authorities to
21 audit SKE for misclassifying these employees as independent contractors. The potential
22 liability to SKE arising from this audit is, as of the date below written, unknown, but it
23 could be in excess of $4,000,000.00.

24  31. As a direct and proximate result of COMSYS's material breaches of the
25 COMSYS Agreement, SKE has suffered damages in an amount in excess of $75,000.00
26 which will be proven at trial, plus prejudgment interest, finance charges, attorneys' fees,
27 costs, and expenses.

28 / / /

**ILSS Agreement with BMC**

32. On or about August 25, 2008, ILSS and BMC entered into an agreement as set forth above which included a SOW specifically between SKE and ILSS.

33. SKE duly performed those terms of the SOW which were not excused or discharged. Beginning in or about June of 2010, however, ILSS breached the SOW by failing to pay SKE for services rendered to BMC resulting in damages in excess of $75,000.00, the exact amount to be proven at the time of trial.

34. As a direct and proximate result of ILSS's material breaches of the SOW, SKE has suffered damages in an amount in excess of $75,000.00 which will be proven at trial, plus prejudgment interest, finance charges, attorneys' fees, costs, and expenses.

**The ILSS Agreement**

35. On or about January 2, 2004, SKE and ILSS entered into the ILSS Agreement as set forth above.

36. SKE duly performed those terms of the ILSS Agreement which were not excused or discharged. Beginning in or about March of 2007, however, ILSS breached the ILSS Agreement by failing to disclose to SKE which of its employees were traveling and therefore subject to a 3% markup resulting in damages to SKE in an amount currently unknown but which will be proven at the time of trial.

37. In addition, beginning in or about June of 2009 and again in March of 2010, ILSS requested refunds from SKE and PAYROLLING in the approximate amounts of $58,000.00 and $232,000.00, respectively, which were issued. SKE and PAYROLLING have learned that the refunds issued to ILSS were not justified. In breach of the ILSS Agreement, however, ILSS had failed and refused and continues to fail and refuse to return the refunded funds to SKE and PAYROLLING to the detriment of PLAINTIFFS in an amount in excess of $290,000.00, the exact amount to be proven at the time of trial.

/ / /

/ / /

/ / /

Sam Kholi Enterprises, Inc. v. Comsys Service, LLC . Case No.
Complaint
9

38.  As a direct and proximate result of ILSS's material breaches of the ILSS Agreement, SKE and PAYROLLING have suffered damages in an amount in excess of $75,000.00 which will be proven at trial, plus prejudgment interest, finance charges, attorneys' fees, costs, and expenses.

## SECOND CLAIM
## (BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING AGAINST ALL DEFENDANTS)

39.  PLAINTIFFS reallege and incorporate by reference as though fully set forth herein paragraphs 1 through 38 as set forth above.

40.  When DEFENDANTS entered into the Agreements as set forth above, DEFENDANTS, and each of them, agreed to an implied covenant of good faith and fair dealing. This covenant obligated DEFENDANTS to refrain from action which would deprive SKE of the bargained-for benefits of the Agreements.

41.  DEFENDANTS, however, failed to refrain from such conduct. Among other things, COMSYS, via manipulation of the Fieldglass software, deliberately rendered incomprehensible digital records which would reveal what COMSYS truly owed to SKE. This manipulation was intended to – and did – make it extremely difficult for SKE to determine that COMSYS were cheating it out of money owed to SKE under the Agreement, thus violating DEFENDANTS' implied covenant of good faith and fair dealing. COMSYS also misclassified employees as independent contractors, in order to evade payroll taxes, thus causing State authorities to audit SKE for misclassifying these employees as independent contractors. The potential liability to SKE arising from this audit is, as of the date below written, unknown, but could be in the millions of dollars.

42.  With regard to ILSS, despite repeated requests to inform SKE of the employees to which the 3% markup for travel applied, ILSS refused to comply and provide the necessary information to SKE, thus violating ILSS's implied covenant of good faith and fair dealing.

/ / /

43. As a direct and proximate result of DEFENDANTS', and each of them, misconduct as alleged herein, SKE has suffered damages in an amount in excess of $75,000.00, which will be proven at trial, plus prejudgment interest, finance charges, attorneys' fees, costs, and expenses.

### THIRD CLAIM
### (ACCOUNT STATED AGAINST ALL DEFENDANTS)

44. PLAINTIFFS reallege and incorporate by reference as though fully set forth herein paragraphs 1 through 43 as set forth above.

45. Between January 1, 2008 and the present, at San Diego, California, DEFENDANTS, and each of them, became indebted to SKE on an account stated in the amount in excess of $1,924,285.70 for SKE's services delivered to DEFENDANTS.

45. SKE has repeatedly demanded payment from DEFENDANTS and has not received it. Despite the demands, there is now owing the sum of at least $1,924,285.70, not including interest, attorney's fees, costs, and expenses.

46. As a direct and proximate result of DEFENDANTS', and each of them, failure to pay for the services provided by SKE, SKE has suffered damages in an amount estimated to exceed $1,924,285.70, and which to be proven at trial, plus prejudgment interest, finance charges, attorney's fees, costs, and expenses.

### FOURTH CLAIM
### (QUANTUM MERUIT AGAINST ALL DEFENDANTS)

47. PLAINTIFFS reallege and incorporate by reference as though fully set forth herein paragraphs 1 through 46 as set forth above.

48. Between March of 2007 and the present, at San Diego, California, DEFENDANTS, and each of them, became indebted to PLAINTIFFS for work, labor and services furnished at the special instance and request of DEFENDANTS. The reasonable value for this work, labor and services is in excess of $2,000,000.00.

49. DEFENDANTS, and each of them, knew or had reason to know that the work, labor, and services received from PLAINTIFFS were supplied by PLAINTIFFS

because DEFENDANTS accepted those services and PLAINTIFFS sent monthly invoices to DEFENDANTS for that work, labor and services.

50. Despite PLAINTIFFS repeated demands for payment, DEFENDANTS, and each of them, failed and refused to pay the reasonable value of the work, labor and services provided by PLAINTIFFS and there is now due and owing from DEFENDANTS, and each of them, to PLAINTIFFS a sum in excess of $2,000,000.00, plus prejudgment interest at the maximum rate provided by law.

## PRAYER FOR RELIEF

**WHEREFORE**, PLAINTIFFS pray for relief as follows:

1. For general and special damages according to proof at the time of trial;
2. For attorney's fees, costs, and expenses;
3. For prejudgment interest at the maximum legal rate; and
4. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated: May 2, 2011

TEEPLE HALL, LLP

By: /S/ Gregory M. Garrison
Gregory M. Garrison, Attorneys for plaintiffs SAM KHOLI ENTERPRISES, INC. and PAYROLLING.COM CORP.

⋦JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
SAM KHOLI ENTERPRISES, INC., a California corporation; PAYROLLING.COM CORP., a California corporation

**(b)** County of Residence of First Listed Plaintiff: **San Diego**
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number) **TEEPLE HALL, LLP**
Gregory M. Garrison, Esq. SBN 165215    Tel. (858) 622-7878
9255 Towne Centre Drive, Suite 500, San Diego, CA 92121

## DEFENDANTS
COMSYS SERVICES, LLC, a Delaware corporation; INNOVATIVE LOGISTICS SUPPORT SERVICES CORP., a Louisiana corporation; and DOES 1-10,

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

**'11CV0970 W    NLS**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause:
**Breach of Contract**

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: May 4, 2011
SIGNATURE OF ATTORNEY OF RECORD: /s/ Gregory M. Garrison

**FOR OFFICE USE ONLY**

RECEIPT # ____  AMOUNT ____  APPLYING IFP ____  JUDGE ____  MAG. JUDGE ____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.   (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.   Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.   Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.   Nature of Suit**. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.   Origin**. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.   Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity**.      Example:      U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.   Requested in Complaint**. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.   Related Cases**. This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**. Date and sign the civil cover sheet.